# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SCHERING AG and BERLEX, INC. | Civil Action No. 05-02308 (PGS)(RJH) |
| Plaintiffs, | Hon. Peter G. Sheridan, U.S.D.J.<br>Hon. Ronald J. Hedges, U.S.M.J. |
| v. | **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER** |
| BARR LABORATORIES, INC. | |
| Defendant. | |
| BARR LABORATORIES, INC., | |
| Counterclaim Plaintiff, | |
| v. | |
| SCHERING AG AND BERLEX, INC., | |
| Counterclaim Defendants. | |

**PLAINTIFFS' SCHERING AG AND BERLEX, INC.**
**RESPONSES TO DEFENDANT'S THIRD SET OF INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33 and the Local Rules of the District of New Jersey, Plaintiffs Schering AG and Berlex, Inc. (collectively "Plaintiffs") hereby respond to Defendant Barr Laboratories, Inc.'s ("Defendant") Third Set Of Interrogatories To Plaintiffs Schering AG and Berlex, Inc. (Nos. 1-7), served on January 29, 2007, as follows:

**GENERAL OBJECTIONS**

Unless otherwise indicated, the following General Objections apply to each of Defendant's Third Set Of Interrogatories.

    1.    Plaintiffs' answers are based on information gathered to date and Plaintiffs reserve the right to amend or supplement their answers as warranted.

2. Plaintiffs incorporate herein, to the extent applicable, each of the General Objections in Plaintiffs' Responses To Defendant's First Requests For The Production Of Documents And Things To Plaintiffs Schering AG And Berlex, Inc., served on November 10, 2005.

3. Plaintiffs object to these interrogatories to the extent the subject matter of the interrogatories is more properly addressed by other forms of discovery, including expert discovery or fact depositions.

4. Plaintiffs object to Defendant's "Instructions" to the extent they impose obligations beyond the scope of Federal Rule of Civil Procedure 33 and the Local Civil Rules.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

Provide a claim chart setting forth Plaintiffs' construction of each of the asserted claims of the '531 patent, including a detailed explanation of Plaintiffs' asserted construction for these patent claims, and identify the three persons with the most knowledge concerning Plaintiffs' asserted claim construction.

### RESPONSE TO INTERROGATORY NO. 1

Plaintiffs object to this interrogatory as overly broad, unduly burdensome, premature and to the extent it seeks information that is neither relevant to the claims or defenses of any party to this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiffs object to the phrase "persons with the most knowledge" as vague and ambiguous. There are currently no claim terms in dispute, and Plaintiffs respond that no claim terms are in need of construction for Plaintiffs' case in chief. If Defendant believes certain claim terms are in dispute, it should identify those terms, along with a detailed explanation of

Defendant's asserted construction. Plaintiffs reserve the right to offer a competing claim construction at that time.

**INTERROGATORY NO. 2**

Identify the source and custodian of all data, test results, examples, tables, formulations and preparations appearing in the '531 patent and/or the application from which the '531 patent issued.

**RESPONSE TO INTERROGATORY NO. 2**

Plaintiffs object to this interrogatory as overly broad and unduly burdensome. Further, Plaintiffs object to the terms "source," "data," "test results," "examples," "tables," "formulations" and "preparations" as vague and ambiguous. Subject to and without waiver of the foregoing General and Specific Objections, the source of all data, test results, examples, tables, formulations and preparations appearing in the '531 patent and/or the application from which the '531 patent issued is Schering AG in Berlin, Germany. The custodians of all data, test results, examples, tables, formulations and preparations appearing in the '531 patent and/or the application from which the '531 patent issued are Juergen Hilmann, Wolfgang Heil, April Fulcher, Matthes, Hartmut Blode and Renate Heithecker.

**INTERROGATORY NO. 3**

Identify the date that the inventions allegedly disclosed in the '531 patent were first conceived and by whom, and for each date, identify with particularity the documentary evidence supporting that date and all persons with any knowledge relating to that date.

**RESPONSE TO INTERROGATORY NO. 3**

Plaintiffs object to this interrogatory as overly broad, unduly burdensome and to the extent it seeks information that is neither relevant to the claims or defenses of any party to this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Further,

Plaintiffs object to the phrase "all persons with any knowledge" as vague and ambiguous. Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs contend that the date that the inventions disclosed in the '531 patent were first conceived and by whom are not relevant because Plaintiffs are entitled to the United States filing date of the '531 patent and Plaintiffs do not currently assert an earlier priority date than the United States filing date. Defendant has raised no conception or prior art issues to which this interrogatory would be relevant. Further, Defendant can obtain the discovery it seeks through deposition testimony of the listed inventors of the '531 patent.

**INTERROGATORY NO. 4**

Identify the date that the inventions allegedly disclosed in the '531 patent were first reduced to practice and by whom, including any acts of diligence, and for each date, identify with particularity the documentary evidence supporting that date and all persons with any knowledge relating to that date.

**RESPONSE TO INTERROGATORY NO. 4**

Plaintiffs object to this interrogatory as overly broad, unduly burdensome and to the extent it seeks information that is neither relevant to the claims or defenses of any party to this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence. Further, Plaintiffs object to the phrase "all persons with any knowledge" as vague and ambiguous. Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs contend that the date that the inventions disclosed in the '531 patent were first reduced to practice and by whom are not relevant because Plaintiffs are entitled to the United States filing date of the '531 patent and Plaintiffs do not currently assert an earlier priority date than the United States filing date. Defendant has raised no reduction to practice or prior art issues to

which this interrogatory would be relevant. Further, Defendant can obtain the discovery it seeks through deposition testimony of the listed inventors of the '531 patent.

**INTERROGATORY NO. 5**

Describe the circumstances, including the dates, in which the subject matter claimed in the '531 patent was first offered for sale, first described in a printed publication anywhere in the world, and first publicly used in the United States.

**RESPONSE TO INTERROGATORY NO. 5**

Plaintiffs object to this interrogatory as overly broad and unduly burdensome. Further, Plaintiffs object to the term "circumstances" and the phrases "offered for sale," "printed publication" and "publicly used" as vague and ambiguous. Subject to and without waiver of the foregoing General and Specific Objections, the subject matter claimed in the '531 patent was first sold in the United States in June 2001. The subject matter claimed in the '531 patent was first described in WO 2001015701A1, which published on March 8, 2001. The subject matter claimed in the '531 patent was first available to the public in the United States in June 2001.

**INTERROGATORY NO. 6**

Identify with particularity the relevant market for purposes of establishing Yasmin®'s commercial success for the years 1999 - present, including a list of all competing products, dates of entry of said products into the market, and Plaintiffs' market share with respect to said competing products.

**RESPONSE TO INTERROGATORY NO. 6**

Plaintiffs object to this interrogatory as overly broad and unduly burdensome. Further, Plaintiffs object to the phrases "relevant market," "competing products" and "market

5

share" as vague and ambiguous. Subject to and without waiver of the foregoing General and Specific Objections, Plaintiffs identify the following competing products and their dates of entry:

| **Competing Product** | **Date Of Entry** |
|---|---|
| 1. Alesse | 04/97 |
| 2. Cyclessa | 06/01 |
| 3. Demulen 1/35 28 | 01/82 |
| 4. Desogen | 01/93 |
| 5. Estrostep FE | 02/97 |
| 6. Levlen | 01/86 |
| 7. Levlite | 11/98 |
| 8. Levora 28 | 05/94 |
| 9. Lo/Ovral | 04/76 |
| 10. Loestrin 1.5/30 | 09/76 |
| 11. Loestrin 1/20 | 09/76 |
| 12. Loestrin 24 | 04/06 |
| 13. Loestrin | 09/76 |
| 14. Mircette | 07/98 |
| 15. Necon 1/35 28 | 03/96 |
| 16. Nuva Ring | 06/02 |
| 17. Ortho Evra | 03/02 |
| 18. Ortho Novum 1/35 | 01/80 |
| 19. Ortho Tri-Cyclen Lo | 09/02 |
| 20. Ortho Tri-Cyclen | 10/92 |
| 21. Ortho-Cept | 01/93 |

| | |
|---|---|
| 22. Ortho-Cyclen | 10/92 |
| 23. Ortho-Novum 7/7/7 | 02/84 |
| 24. Ortho-Novum | 01/50 |
| 25. Ovcon 35 | 03/80 |
| 26. Ovcon | 04/76 |
| 27. Seasonale | 10/03 |
| 28. Seasonique | 07/06 |
| 29. Tri-Levlin | 01/86 |
| 30. Tri-Norinyl | 04/84 |
| 31. Triphasil | 11/84 |
| 32. Trivora | 04/98 |
| 33. Yaz | 04/06 |

In addition, Plaintiffs identify the following cycle market share figures from 2001 to the present: 2001: 0.7%, 2002: 3.45%, 2003: 6.45%, 2004: 8.08%, 2005: 9.43% and 2006: 10.55%. Plaintiffs disclaim that this response applies to anything other than commercial success as it relates to secondary considerations of nonobviousness.

**INTERROGATORY NO. 7**

With respect to each country in which clinical trials were conducted regarding Yasmin®: Austria, Belgium, Brazil, Canada, Czech Republic, Denmark, Finland, France, Germany, Hungary, Italy, Luxembourg, the Netherlands, Norway, Portugal, Russia, Sweden, Switzerland, Thailand, Ukraine, the United Kingdom, and the United States, identify with particularity the beginning and ending dates of the clinical trial, the protocol number of the clinical trial, the title of the clinical trial, the project manager of the clinical trial, and the reason for the clinical trial.

## RESPONSE TO INTERROGATORY NO. 7

Plaintiffs object to this interrogatory as overly broad and unduly burdensome. Further, Plaintiffs object to the phrase "reason for the clinical trial" as vague and ambiguous. Subject to and without waiver of the foregoing General and Specific Objections and pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs identify the following clinical study reports conducted in Austria, Belgium, Finland, France, Germany, Hungary, Luxembourg, the Netherlands, Portugal, Switzerland, the United Kingdom and the United States, for Yasmin®, as defined by Defendant as "a drug product sold in the United States that is a 28-day oral contraceptive regimen that contains 21 tablets containing 3 mg of drospirenone and .03 mg of a 17α-ethinylestradiol plus 7 placebo tablets": SBPL 00041369-419; 00104049-87; 00022667-724; 00038470-525; 00014281-328; 00031511-603; 00019936-20044; 00029763-826; 00039356-424; 00027260-318; 00032617-85; 900002-87; and 931698-795.

Dated: March 5, 2007

                                           _____
                                           William O'Shaughnessy
                                           Andrew T. Berry
                                           Nicole Corona
                                           McCARTER & ENGLISH
                                           Four Gateway Center
                                           100 Mulberry Street
                                           Newark, New Jersey 07102
                                           Phone: (973) 622-4444
                                           Facsimile: (973) 624-7070
                                           woshaughnessy@mccarter.com
                                           aberry@mccarter.com
                                           ncorona@mccarter.com

                                           Attorneys for Plaintiffs
                                           Schering AG and Berlex, Inc.

Of Counsel:
Peter B. Bensinger Jr.
Adam K. Mortara
Paul J. Skiermont
Brian P. O'Donoghue
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
Courthouse Place
54 West Hubbard Street
Chicago, Illinois 60610
Phone: (312) 494-4400
Facsimile: (312) 494-4440

Nicholas N. Kallas
Filko Prugo
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, New York 10112
Phone: (212) 218-2100
Facsimile: (212) 218-2200

NY_Main 621519_1